OPINION *Page 2 
{¶ 1} On November 9, 2006, plaintiff, Dale Gelley, was operating a motor vehicle on State Route 89 in Ashland County, Ohio, when he was struck by rear tandem wheels which had separated from a dump truck being operated by appellant, John Dixon. The dump truck was owned by appellant James Britton, and had been purchased from appellee, Atkinson Truck Sales, Inc., located in Virginia. At the time of the accident, plaintiff was insured under a policy issued by plaintiff Wayne Mutual Insurance Company.
 {¶ 2} On March 1, 2007, plaintiffs filed a complaint against appellants, alleging negligence and subrogation. On April 27, 2007, appellants filed a third-party complaint against appellee and Carter Machinery Company, Inc., the company that performed repairs on the dump truck just prior to the sale. Appellants claimed negligence and contribution. On July 5, 2007, appellee filed an answer and asserted the defense of lack of personal jurisdiction. Thereafter, appellee filed a motion to dismiss for lack of personal jurisdiction. A hearing was held on October 22, 2007. By judgment order filed November 1, 2007, the trial court granted the motion and dismissed appellee as a third-party defendant.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN DECIDING THAT THERE WERE INSUFFICIENT MINIMUM OHIO CONTACTS UNDER SECTION 2307.382 OF THE *Page 3 
REVISED CODE FOR ATKINSON TRUCK SALES TO BE SUBJECT TO OHIO JURISDICTION."
 {¶ 5} Before addressing the merits of appellants' arguments, we note when jurisdiction appears unclear, a court of appeals should raise the issue sua sponte. In re Estate of Geanangel, 147 Ohio App.3d 131,2002-Ohio-850. Thus, we shall first consider whether this court has jurisdiction over this appeal.
 {¶ 6} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 7} To be final and appealable, an order must comply with R.C. 2505.02 and Civ. R. 54(B), if applicable. R.C. 2505.02(B) provides the following in pertinent part:
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
 {¶ 11} Civ. R. 54(B) provides:
 {¶ 12} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only *Page 4 
upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 13} In the case sub judice, the trial court dismissed the third-party complaint against appellee, and did not include Civ. R. 54(B) language. The third-party complaint is still pending against Carter Machinery Company, and the underlying complaint is still pending against appellants. As such, there is no final appealable order pursuant to R.C. 2505.02(B). Because there is no final appealable order, this court does not have jurisdiction to entertain appellants' appeal.
 {¶ 14} This appeal is dismissed.
 Farmer, J., Hoffman, P.J., and Gwin, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed. *Page 1